UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

RAYMOND A. ROLES,

Petitioner,

vs.

RANDY VALLEY, Warden ISCI,

Respondent.

Case No. 1:22-cv-00112-REP

**INITIAL REVIEW ORDER**

Pending before the Court is Raymond Roles' Petition for Writ of Habeas Corpus challenging his 1990 Idaho state court judgment of conviction for crimes of rape, kidnapping, aggravated assault, and forced sexual penetration by a foreign object. Dkt. 3. All named parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. Dkt. 7. *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. Having reviewed the record in this matter, the Court enters the following Order permitting Petitioner to proceed to the next stage of litigation to determine whether his current petition should be categorized as a "second or successive petition" under 28 U.S.C. § 2244.

**1. Standard of Law**

Before a state prisoner can file a second or successive federal habeas corpus petition challenging the same conviction or sentence as in his first habeas corpus petition, he must first obtain authorization from the United States Court of Appeals for the Ninth Circuit. 28 U.S.C. § 2244(b)(3)(A). If a petitioner does not obtain prior authorization, a federal district court has no jurisdiction to consider any aspect of the petition. *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (holding that district courts lack jurisdiction to consider unauthorized successive petitions).

In *Tyler v. Cain*, 533 U.S. 656 (2001), the United States Supreme Court explained the broad reach of the "second or successive petition" rule:

> If the prisoner asserts a claim that he has already presented in a previous federal habeas petition, the claim must be dismissed in all cases. 28 U.S.C. § 2244(b)(1). And if the prisoner asserts a claim that was not presented in a previous petition but could have been, the claim must be dismissed unless it falls within one of two narrow exceptions.[1]

*Id*. at 661-62.

Not every subsequent petition is classified as "second or successive." Rather, the "phrase 'second or successive' is not defined by AEDPA and it is a 'term of art.'" *Magwood v. Patterson*, 561 U.S. 320 (2010) (citation omitted). Case law has clarified

[1] One of these exceptions is for claims predicated on newly discovered facts that call into question the accuracy of a guilty verdict. § 2244(b)(2)(B). The other is for certain claims relying on new rules of constitutional law. § 2244(b)(2)(A).

that to be "second or successive," the first petition must have been dismissed with prejudice, whether on procedural grounds or on the merits. *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000); *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009).

An important distinction is that *amended* judgments can fall outside the second or successive petition rule. *Magwood* held that "the latter of two petitions is not 'second or successive' if there is a 'new judgment intervening between the two habeas petitions.'" 561 U.S. 341-42.

In the Ninth Circuit, an amended judgment on one count serves as a new judgment on all counts, restarting the successive petition count and the AEDPA clock. *Wentzell v. Neven*, 674 F.3d 1124 (9th Cir. 2012). *Wentzell* relies on *Magwood* and *Johnson v. United States*, 623 F.3d 41, 44 (2d Cir. 2010), which held that "where a first habeas petition results in an amended judgment, a subsequent petition is not successive," even if its claims could have been raised in a prior petition or the petitioner "effectively challenges an unamended component of the judgment." 674 F.3d at 1127. *Accord United States v. Lopez-Alvarez*, 842 F. App'x 167, 168 (9th Cir. 2021) (unpublished).

An exception to the amended judgments rule is that amendments that merely correct a clerical error are not considered intervening judgments. *Brownlee v. Rommoro*, No. 1:14-CV-01990-LJO, 2015 WL 3843364, at *4 (E.D. Cal. June 19, 2015); *In re Martin*, 398 Fed.Appx. 326 (10th Cir.2010) (unpublished).

**2. Background**

Before filing the petition in this case, Petitioner filed a previous federal habeas corpus petition, No. 1:01-cv-00478-LMB, *Roles v. Beauclair*. That case was adjudicated to completion on the merits and dismissed with prejudice in 2003. *See* Dkt. 31 in that case. The decision was affirmed on appeal in 2005. *See* Dkt. 37 in that case.[2]

Petitioner asserts that his current federal petition is properly filed because he recently completed a successive postconviction action in state court which resulted in an *amended judgment*. In that action, Petitioner asserted that his sentence should have been credited for 212 days of time served rather than the 203 days he received. On August 5, 2019, the state district court agreed with Petitioner's calculation and "amend[ed] the court's previous calculation of credit for time served to 212 days credit for prejudgment incarceration." Dkt. 3-2, p. 69. The state district court observed that, because Petitioner had already served his determinate sentences and was then serving his indeterminate life sentences, Petitioner's "requested change will have no practical effect." *Id*., p. 68. Petitioner submitted a state court order, but not an amended judgment, with his petition.

---

[2] In 1997, Petitioner brought another prior habeas corpus action in this Court challenging the same judgment. *See* Case no. 1:97-cv-00551-BLW, *Roles v. Spaulding*. In 2001, the Ninth Circuit Court of Appeals found that the petition was second or successive, and denied authorization for him to proceed. *See* Dkt. 56 in that case. The petition was withdrawn and the case was dismissed. Another federal habeas corpus petition was filed and dismissed without prejudice in Case No. 1:-98-cv-0226-BLW, *Roles v. Spaulding*.

**3. Discussion**

Petitioner asserts that because his 1990 judgment was amended in 2019 to show that his "credit for time served" calculation correctly should have been nine days more than his original judgment reflected, he can now challenge any aspect of his conviction or sentence. In this habeas corpus action, Petitioner brings a claim that his trial counsel and direct appeal counsel were ineffective and incompetent as to the conviction. Dkt. 3, p. 6. He asserts that he "was convicted of crimes that never happened at all." Dkt. 3-1, p. 5.

The Court concludes that additional factual information and legal argument are necessary to determine the question of whether Petitioner's current petition is "second or successive." Therefore, the Court will order the Clerk of Court to serve the petition on Respondent for the purpose of addressing the threshold issues, or the merits, depending on Respondent's review of the record.

The first question to be answered is whether the state district court entered an amended judgment, or simply an order acknowledging the now moot "credit for time served" issue. The next question is whether it matters that an amendment was made in an order, not a judgment. Another question is whether the recent change made by the state district court is closer to a "clerical error" than an amendment of substance.

If a petition is not second or successive because of an intervening amendment, the United States Supreme Court has indicated that "procedural default rules—rather than the rules governing 'second or successive' petitions—are the more appropriate tools for

sorting out new claims from the old." *Wentzell*, 674 F.3d at 1127 (9th Cir. 2012) (quoting Magwood, 561 U.S. at 340-41). *Accord*, *Smith v. Williams*, No. 2:12-CV-00952-APG, 2014 WL 2214210 at *2 (D. Nev. May 28, 2014). The parties should also address whether Petitioner's new claims are procedurally defaulted, should the Court determine that Petitioner's new petition is barred by the "second or successive" petitions rule.

**ORDER**

**IT IS ORDERED:**

1. The Clerk of Court shall serve (via ECF) a copy of the Petition (Dkt. 3), together with a copy of this Order, on L. LaMont Anderson, on behalf of Respondent, at Mr. Anderson's registered ECF address.
2. Petitioner's request for appointment of counsel, contained in the Petition, is DENIED without prejudice. Should an evidentiary hearing be required, or other extraordinary circumstances exist to require appointment of counsel, the Court will reconsider its ruling.
3. Petitioner's Motion to Proceed in Forma Pauperis (Dkt. 1) is GRANTED.
4. Within **120 days** after entry of this Order, Respondent shall have the option of filing either of the following: (1) a motion for summary dismissal or partial summary dismissal on procedural grounds (which may be followed by an answer if the motion is unsuccessful); or (2) an answer and brief on the claims that were adjudicated on the merits by the Idaho Supreme Court, that also includes a brief

summary (between one paragraph and several pages) of any procedural defenses for any claims (which may be argued in the alternative). If Respondent files an answer and brief, the Court first will determine the claims that were adjudicated on the merits by the Idaho Supreme Court; for any claims that appear to warrant relief or for any claims not disposed of on the merits that appear subject to procedural defenses, the Court next will determine whether those claims are barred by any procedural defenses and will call for additional briefing, evidence, or a hearing, if necessary.

5. Respondent shall file with the responsive pleading or motion, or within a reasonable time period thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues presented. Any presentence investigation reports or evaluations shall be filed under seal. The lodging of the remainder of the state court record, to the extent that it is lodged in paper format, is exempt from the redaction requirements, as provided in District of Idaho Local Civil Rule 5.5(c).

6. If the response to the habeas petition is an answer, Petitioner shall prepare a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which shall be filed and served **within 30 days** after service of the answer. Respondent has the option of filing a sur-reply **within 14 days** after service of the reply. At that point, the case shall be deemed ready for a final decision.

7. If the response to the habeas petition is a motion, Petitioner's response to the motion shall be filed and served **within 30 days** after service of the motion, and Respondent's reply, if any, shall be filed and served **within 14 days** thereafter.
8. No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.
9. No discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.
10. The parties may, but need not, file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions for appointment of counsel; (3) responses to motions that are meritless, frivolous, or filed in contravention of this Order; or (4) notices of intent not to file a reply. If additional briefing is required on any issue, the Court will order it.
11. Each party shall ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5. Each party shall sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made, or as specified by the applicable ECF rules. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly

identified as requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

12. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.2 and 7.1. The Court will not consider requests made in the form of letters.

13. Petitioner shall at all times keep the Court and Respondent advised of any changes in address.

14. If Petitioner's custodian changes at any point during this litigation, counsel for Respondent shall file a Notice of Substitution of Respondent within 30 days of such change, identifying the person who is substituted as Respondent. *See* Fed. R. Civ. P. 25(d); Rule 2(a) of the Rules Governing Section 2254 Cases.

UNITED STATES COURTS DISTRICT OF IDAHO

DATED: June 10, 2022

Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge