UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| RAYMOND A. ROLES,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>RANDY VALLEY, Warden, ISCC,<br><br>　　　　　　Respondent. | Case No. 1:22-cv-00112-REP<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is a Petition for Writ of Habeas Corpus filed by Idaho prisoner Raymond A. Roles, challenging Petitioner's state court judgment of conviction. *Dkt. 3.* Respondent has filed a Motion for Summary Dismissal.[1] Instead of responding to the Motion, Petitioner filed a Motion to Stay. *Dkt. 11, 14*. Both motions are now ripe for adjudication.

The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. *Dkt. 10; see* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *Dkt. 7.* Having carefully reviewed the record, including the

---

[1] The Court will grant Respondent's motion to file an overlength brief in support of the Motion for Summary Dismissal.

MEMORANDUM DECISION AND ORDER - 1

state court record, the Court finds that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order denying Petitioner's Motion to Stay and granting Respondent's Motion for Summary Dismissal.

## BACKGROUND

The facts underlying Petitioner's conviction are set forth clearly and accurately in *Roles v. State*, 832 P.2d 311 (Idaho Ct. App. 1992). The facts will not be repeated here except as necessary to explain the Court's decision.

In 1990, a jury convicted Petitioner of rape, kidnapping, aggravated assault, and forced sexual penetration by a foreign object. *Id.* at 312. Petitioner was sentenced to concurrent terms totaling life in prison with fifteen years fixed. The Idaho Court of Appeals affirmed, and the Idaho Supreme Court denied review. *Id.*; *State's Lodging B-11*.

Petitioner then filed a petition for state post-conviction relief. *State's Lodging C-1* at 3–11. The court denied Petitioner's motion for appointment of counsel and later dismissed Petitioner's amended petition. *Id.* at 15–27, 31–35. On appeal, the Idaho Court of Appeals remanded to the state district court to reconsider appointing counsel but did not address any of Petitioner's substantive appellate claims. *State's Lodging D-3*.

The state district court appointed counsel to represent Petitioner in the post-conviction proceedings. *State's Lodging E-1* at 5. The court again dismissed the petition. *Id.* at 32–35. On appeal, Petitioner argued that the post-conviction court did not give adequate notice of the reasons for dismissal, but the Idaho Court of Appeals disagreed and affirmed the state district court. *State's Lodging F-1; F-4* at 3. Petitioner did not seek review with the Idaho Supreme Court. *See State's Lodging F-5*.

MEMORANDUM DECISION AND ORDER - 2

In September 1997, Petitioner filed a successive state petition for post-conviction relief, alleging ineffective assistance of previous post-conviction counsel. *State's Lodging G-1* at 14–17. The trial court dismissed the petition. *Id*. at 18–23, 33–35. The Idaho Court of Appeals affirmed, and the Idaho Supreme Court denied review. *State's Lodging H-4; H-6*.

While this successive state post-conviction petition was pending, Petitioner also filed a state petition for writ of habeas corpus with the Idaho Supreme Court, arguing that he was subjected to double jeopardy. *State's Lodging I-1*. The court denied the petition. *State's Lodging I-2*.

In September 2001, Petitioner filed in this Court a federal habeas petition, which was dismissed with prejudice. *Roles v. Beauclair*, No. 1:01-cv-00478-LMB (D. Idaho), Dkts. 4, 31, 32. The Ninth Circuit affirmed this Court's decision. *Id*. at Dkt. 37.

In July 2019, Petitioner returned to Idaho state court and filed a motion for correction or reduction of sentence under Idaho Criminal Rule 35. Petitioner argued that he should have received additional credit for his pretrial incarceration. *State's Lodging J-2*. The state district court agreed, concluding that Petitioner was entitled to nine extra days credit for time served. *State's Lodging J-3*. The court remedied the mistake in the underlying judgment by granting the Rule 35 motion. *Id*. The state court did not issue a new or amended judgment, stating, "The court grants defendant's motion and amends the court's previous calculation of credit for time served to 212 days credit for prejudgment incarceration." *Id*. at 2–3 (emphasis added).

MEMORANDUM DECISION AND ORDER - 3

Petitioner appealed, despite having received the relief requested in his Rule 35 motion. After Petitioner failed to pay the requisite fees, the Idaho Supreme Court dismissed the appeal. *State's Lodging J-4; K-1 through K-8*.

Petitioner then filed yet another petition for post-conviction relief in Idaho state court. In relevant part, Petitioner argued that, under *Magwood v. Patterson*, 561 U.S. 320 (2010), the grant of his Rule 35 motion constituted an amended judgment. Thus, contended Petitioner, he was entitled to file a new state post-conviction petition that could not be deemed successive or untimely. *State's Lodging L-2* at 5–6. The trial court held that *Magwood* did not apply in state post-conviction proceedings and that the grant of Rule 35 relief was not an amended judgment. Rather, the Rule 35 court had merely amended its calculation of credit for time served. The court held also that the petition was untimely under state law. *Id*. at 187–92, 198–200.

The Idaho Court of Appeals affirmed, concluding that the grant of Petitioner's motion to reduce sentence did not constitute a new or intervening judgment. *Roles v. State*, 2021 WL 3855705, *2 (Idaho Ct. App. Aug. 30, 2021) (unpublished). The appellate court thus held that, because the statute of limitations required Petitioner to file any state post-conviction petition by July 1, 1994, the petition was untimely. *Id*. at *2–3. The Idaho Supreme Court denied review. *State's Lodging M-10*.

In March 2022, Petitioner filed the instant federal habeas corpus petition. *Dkt. 3*. In its Initial Review Order, the Court noted that Petitioner had previously litigated a habeas petition but decided to address the question of successiveness at a later date.

MEMORANDUM DECISION AND ORDER - 4

### PETITIONER'S MOTION TO STAY

Petitioner has filed a Motion to Stay, stating that Petitioner's father recently passed away. Petitioner anticipates an inheritance that will offer him the means to hire an attorney to represent him in this matter.

Stays in habeas corpus cases are permissible under certain circumstances to allow a petitioner to exhaust his habeas claims in state court. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005); *Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016). Petitioner does not seek to exhaust any claims, but merely wants time to collect his inheritance and hire an attorney. Accordingly, the Court will exercise its discretion to deny the Motion to Stay.

### RESPONDENT'S MOTION FOR SUMMARY DISMISSAL

**1.  Standard of Law for Summary Dismissal**

The Rules Governing Section 2254 Cases ("Habeas Rules") authorize a federal district court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see* Fed. R. Evid. 201; *Dawson*, 451 F.3d at 551 n.1. Where appropriate, as here, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

**2.  Discussion**

Respondent now moves to dismiss the instant Petition, contending it is a successive petition that was not authorized by the Ninth Circuit Court of Appeals. *Dkt. 11-1* at 9–18. Respondent also argues that the petition is untimely and that all of

Petitioner's claims are procedurally defaulted, as well as vague and conclusory. *Id*. at 18–36. Because the Court agrees that the Petition is an unauthorized successive petition barred by 28 U.S.C. § 2244(b)(3)(A), the Court need not address Respondent's other arguments.

Before a prisoner can file a second or successive federal habeas corpus petition challenging the same conviction, parole revocation, or sentence as in his first habeas corpus petition, he must first obtain authorization from the United States Court of Appeals for the Ninth Circuit. 28 U.S.C. § 2244(b)(3)(A). A federal district court may not, "in the absence of proper authorization from the [Ninth Circuit], consider a second or successive habeas application." *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (internal quotation marks omitted).

However, where "there is a new judgment intervening between the two habeas petitions, an application challenging the resulting new judgment is not 'second or successive' at all." *Magwood*, 561 U.S. at 341–42 (internal quotation marks and citation omitted). Such a petition is not considered successive even if the petition challenges only undisturbed portions of the original judgment. *Wentzell v. Neven*, 674 F.3d 1124 (9th Cir. 2012).

However, not every change to a sentence constitutes a new or amended judgment under *Magwood*.[2] The Court must look to state law "to determine whether a sentencing

---

[2] For example, a sentencing amendment that simply corrects a clerical error is not considered a new or intervening judgment under *Magwood*. *See Gonzales v. Sherman*, 873 F.3d 763, 772 (9th Cir. 2017) (stating that correcting a "scrivener's error"—a "discrepancy between the court's oral pronouncement of the judgment and the written record of that judgment in the minute or in the abstract of judgment"—does not constitute a new judgment under *Magwood*); *Brownlee v. Rommoro*, No. 1:14-CV-01990-LJO, 2015

change made by the state court created a new sentencing judgment." *Colbert v. Haynes*, 954 F.3d 1232, 1236 (9th Cir. 2020).

As the Idaho Court of Appeals held on appeal in Petitioner's case, an order granting additional credit for time served is *not* considered a new or amended judgment under Idaho law:

> Roles argues that the district court's order granting his 2019 Rule 35 motion for credit for time served constituted an amended judgment, reinstating the statute of limitation and providing him another year from which to file a timely petition for post-conviction relief for claims arising from his original judgment of conviction. *This argument is unavailing. The district court entered an order granting credit for time served, not an amended judgment of conviction in Roles' criminal case*.

*Roles*, No. 48337, 2021 WL 3855705, at *2 (emphasis added). Consequently, the statute of limitation for Petitioner to file a state post-conviction petition expired on July 1, 1994. Because Petitioner's successive state post-conviction petition was filed more than fifteen years too late, the state appellate court affirmed the dismissal of the petition. *Id*. at *2–3.

This Court lacks the authority to second-guess the decision of the Idaho Court of Appeals that the grant of Petitioner's Rule 35 motion was not a new or amended judgment under Idaho law. *See Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999) ("Federal habeas courts lack jurisdiction … to review state court applications of state

---

WL 3843364, at *3–4 (E.D. Cal. June 19, 2015) (unpublished) ("As Petitioner was not resentenced and his conviction and sentence were not disturbed, the amended judgment correcting a clerical error is not an intervening judgment like in *Magwood* and *Wentzell*."); *In re Martin*, 398 Fed. Appx. 326, 327 (10th Cir. Sept. 9, 2010) (unpublished) ("[I]n this case there were no new proceedings resulting in a new judgment. Rather, the amended judgment merely corrected a clerical error—one which did not rise to the level of constitutional error ….").

MEMORANDUM DECISION AND ORDER - 7

procedural rules."); *Johnson v. Foster*, 786 F.3d 501, 508 (7th Cir. 2015) ("[A] federal habeas court is not the proper body to adjudicate whether a state court correctly interpreted its own procedural rules …."). A federal court may not review a state court's interpretation of state law except in the rarest of circumstances—only if that interpretation (1) is "untenable," meaning incapable of being maintained or supported, or (2) "amounts to a subterfuge to avoid federal review of a constitutional violation." *Taylor v. Kincheloe*, 920 F.2d 599, 609 (9th Cir. 1990).

The instant petition does not present the sort of extraordinary circumstances that warrant a reexamination of the state court's interpretation of state law. It was certainly tenable for the Idaho Court of Appeals to construe the grant of Petitioner's Rule 35 motion as something other than a new or amended judgment. The court did not issue any such judgment but simply granted the Rule 35 motion. And there is nothing in the record to suggest that the state court's interpretation of its own laws was a subterfuge to avoid federal review. *See Taylor*, 920 F.2d at 609.

For the foregoing reasons, the Idaho state court's 2019 order granting Petitioner additional credit for time served was not a new or amended judgment under *Magwood*. As a result, the instant Petition is successive under § 2244(b)(3)(A) and required Ninth Circuit authorization. Because Petitioner did not obtain such authorization, the Petition must be summarily dismissed pursuant to 28 U.S.C. 2244(b)(3)(A).

## ORDER

**IT IS ORDERED:**

1. Petitioner's Motion to Stay (Dkt. 14) is DENIED.

2. Respondent's Motion to File Oversize Brief (Dkt. 12) is GRANTED.

3. Respondent's Motion for Summary Dismissal (Dkt. 11) is GRANTED, and the Petition is DISMISSED without prejudice.

4. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11.

DATED: March 6, 2023

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge